## CUTHBERT *vs.* WOLFE.

1. No particular language or form is necessary to create a separate estate in a married woman, either by deed or will, but the intention of the donor or testator must clearly appear.

2 A conveyance of personal property to a trustee "to and for the only use and benefit" of a married woman creates in her a separate estate.

Cuthbert v. Wolfe.

3. When an assignment is written on the back of a deed to which it refers in express language, and conveys the same property, the deed may be looked to in construing the assignment.

4. Husband and wife conveyed certain personal property to a trustee, in trust for themselves during their joint lives, and then for the survivor of them during his or her life, after the death of the survivor for L. during his life, and then for his next of kin. The husband afterwards conveyed his entire interest in the property to L., who afterwards conveyed his entire interest to the trustee, "to and for the only use and benefit" of the wife.—*Held*,

That the husband had no such interest in the property, as could be sold under execution against him.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

An execution was issued from the County Court of Mobile county, in favor of A. Wolfe, against A. F. Edwards, which was levied by the sheriff on a negro man named Jerry, as the property of the defendant. A claim was interposed by Cuthbert, as trustee for Mrs. Edwards, and bond given to try the right of property, as provided by the statute. The written instruments which constituted the claimant's title are sufficiently described in the opinion. The court held that the defendant in execution had such an interest in the property as could be sold under execution against him, and verdict and judgment were rendered accordingly.

Jno. T. Taylor, for plaintiff in error :

1. No particular form of words is necessary to create a separate estate. If the intention of the grantor is clearly expressed, it will be sufficient without regard to the words used.—Newman et al. v. Newman, 12 Ala. 29 ; Hill on Trustees, 420. The words "sole use" according to many authorities are sufficient of themselves.—16 Pick. 327-331 ; Agee v. Agee, 6 Mumf. ib. 581 ; 6 S. & R. ib. 466 ; 19 Ves. ib. 416 ; 1 S. & M. ch. 647. And I contend that the words, "only use," as clearly show the grantor's intention as the words "sole use," and that the words alone in this deed are sufficient. But when we see from the record, that Mrs. Edwards was at the time of the gift a married woman; that Mr. Edwards had just before yielded up to Lucas all his claim, and that a trustee was selected, and the legal title

Cuthbert v. Wolfe.

conveyed to him, the object and intention to create a separate estate is placed beyond doubt.—See the opinion in case 16 Pick. 327. The words "own use" have been held in one or two instances not to be sufficient, because those words are commonly used in all deeds, to-wit: "to his own use, benefit and behoof forever;" but the words "only use" are a very unusual expression, and must have been intended to have some meaning, and we can give it no other but to exclude the husband.

2. The deed from Lucas to plaintiff is two-fold; it first conveys all the title he has; it conveys secondly, all such title as he obtained from Edwards, and a title was proven to be in him superior to, and independent of his conveyance from Edwards, and he was not estopped from setting it up. The title from Edwards, and the deeds attached to the bill of exceptions, were only introduced to identify the property, and show title in claimant, not in Lucas.—See Coke Lit. 47, B. 352, A. 363, b.; Com. Dig. Estoppel A. 2 p. 199; 15 Mass. 495; 16 Mass. 357; Shep. Touchstone, p. 53; 6 S. & R. 559; 14 Pick. 467.

WM. G. JONES, contra:

1. The first deed in point of time is that from A. F. Edwards (the defendant in execution) to Cuthbert. By that deed, the slaves mentioned in it are conveyed to Cuthbert as trustee; 1st, for the use of Edwards and wife, jointly during their joint lives; 2nd, after the death of either, for the use of the survivor for life; 3rd, after the death of such survivor, for the use of Jno. H. Lucas for life; 4th, after the death of J. H. Lucas, for his next of kin. It is too clear to admit of controversy or doubt, that by this deed, no separate estate is created in Mrs. Edwards, and the slaves remained subject to levy under executions against A. F. Edwards.—Harkins et al. v. Coalter et al. 2 Por. 463; Lamb v. Wrigg & Stewart, 8 Por. 73; Carlton & Co. v. Banks, 7 Ala. R. 32; Oneal, Mecham & Thomas, v. Teague & Teague, 8 Ala. R. 345-352; Moss v. McCall, 12 Ala. 630; Pollard et al. v. Merrill & Eximer, 15 Ala. 169; Bender v. Reynolds, 12 Ala. 446.

2. The deed from Lucas to Cuthbert being written on the back of the deed from Edwards to Cuthbert, and expressly referring to it, must be taken in connection with that first deed, and considered as confirming it. This should especially be its

effect, as Lucas was a *cestui que trust* under the deed from Edwards to Cuthbert, and by his deed conveys to Cuthbert such interest as he held under the deed from Edwards.—Walker v. Driver, 7 Ala. R. 679.

3. It is therefore submitted, that the deed from Lucas cannot be considered as a separate and distinct instrument. It must be taken in connection with the deed from Edwards, on which it is written, and to which it refers.

4. But even if the court should decide that the deed from Lucas is to be considered as a separate and distinct deed, it does not convey a separate estate to Mrs. Edwards. The courts lean strongly against construing an instrument so as to create a separate estate. The words must be very explicit, and the intent very clear to give it that effect. The words in this case are not sufficient to do it.—See Pollard et al. v. Merrill & Eximer, 15 Ala. R. 169, and cases there cited.—Hale et al. v. Stone, 14 Ala. R. 803.—See especially Haig v. Haig's Ex'rs. 1 Dess. R. 348, where the word "only" use was held not to create a separate estate.

PARSONS, J.—It is agreed by the counsel, that the negro Jerry is to be considered as included in the instruments presently to be mentioned, he having been omitted in making out the transcript by mistake.

A. F. Edwards, by a deed dated June 27th, 1838, conveyed Jerry and other slaves to Cuthbert in trust for said Edwards and his wife, during their natural lives; and after the death of either, in trust for the survivor, during his or her natural life; and afterwards in trust for John H. Lucas, the son of Mrs. Edwards by a former marriage, during his natural life; and afterwards in trust for his next of kin, with some further provisions which are not now material.

The next instrument is a paper dated March 27th, 1839, written on the back of the deed, of the 27th June, 1838, and signed by A. F. Edwards, by which he relinquished all his right, title and interest in the negroes mentioned in the deed to Lucas. And the next and last is an assignment by Lucas, of date 20th January, 1843, which was also written on the back of the deed, by which he assigned and released to Cuthbert, the trustee in the deed, "to and for the only use and benefit" of Mrs. Ed-

wards, all his right, title and interest in and to all the property specified in the deed. The Circuit Court charged that this assignment did not create a separate estate to Mrs. Edwards, but that it made the property liable for her husband's debts. This charge is assigned as error. The question is, does it clearly appear that the intention was to create a separate estate, free from the husband's control? It results from the cases generally, that no particular language or form is necessary in an instrument, whether it be a will or a deed, to create a separate estate to a married woman, though it must clearly appear to have been the intention of the testator or donor to do so. Mrs. Edwards was at the time of the assignment a married woman; the assignment conveyed the property to and for her only use and benefit. The language would not have excluded the husband more effectually, if it had been "to her sole use and benefit." If the latter had been the language, the husband would have been excluded according to various authorities.—Ayer v. Ayer, 16 Pick. 327; Anderson v. Brooks, 11 Ala. R. 953, and other cases cited by the counsel of the plaintiff in error.

But the two latter instruments were written on the deed, and had express reference to it, which authorizes us to look to it as a means of construing the assignment.—Rives, Adm'r. v. Toulmin, decided at last term.—Walker v. Driver, 7 Ala. R. 679.

By the deed, Edwards conveyed the property to the trustee upon several successive trusts; first in trust for himself and wife during their joint lives, afterwards in trust for the survivor during his or her life, and afterwards in trust for Lucas, during his life, and then in trust for his next of kin. Edwards after this conveyed his entire interest in the trust property to Lucas, and the latter afterwards conveyed his entire interest, as well what Edwards conveyed to him as what he otherwise held in the trust property, to the trustee, "to and for the only use and benefit" of Mrs. Edwards. Looking at the three instruments as one, or considering them as separate and distinct, it is equally clear that Edwards has no interest in the property. What he had he conveyed to Lucas, and then Lucas conveyed it back to the trustee, to and for the only use and benefit of Mrs. Edwards. Considering all the instruments, we cannot doubt but that it was the intention of Lucas to exclude Edwards. There is no question of fraud before us.

The judgment is reversed, and the cause remanded.