(81 South. 565)

WHITE v. HARRISON et al. (4 Div. 798.)

(Supreme Court of Alabama. May 1, 1919.)

1. COVENANTS ⬤⇒21—CONSTRUCTION.

In general, covenants will be most strongly construed against the covenantor, but the paramount rule is to expound them so as to give effect to the actual intent of the parties.

2. COVENANTS ⬤⇒51(2)—COVENANT TO USE LOT FOR CHURCH PURPOSES—SPECIFICATION OF CHARACTER OF BUILDING.

A covenant that no frame building should be placed upon the lot, but that it should be used for church purposes only, was a covenant that the lot should so be used for church purposes irrespective of the physical character of a building that might be contemplated for other purposes.

3. COVENANTS ⬤⇒69(1)—COVENANT RUNNING WITH LAND.

A covenant that the lot conveyed should be used for church purposes only was a covenant running with the land, since its perform-

ance or nonperformance affected the mode of enjoyment of the granted premises, and their value or quality.

4. INJUNCTION ⬤⇒62(1) — COVENANT RUNNING WITH LAND.

A court of equity cannot, on proper application, refuse to enforce by injunction a covenant running with the land against its use for other than church purposes.

5. COVENANTS ⬤⇒83 — COVENANT RUNNING WITH LAND—ENFORCEMENT BY HEIRS.

Heirs at law of a deceased covenantee can maintain bill to enforce by injunction covenant running with the land to use the lot, conveyed by the covenantee, for church purposes only.

6. EXECUTORS AND ADMINISTRATORS ⬤⇒129 (1) — COVENANT RUNNING WITH LAND — ENFORCEMENT BY PERSONAL REPRESENTATIVE.

The personal representative of a deceased covenantee can maintain a bill to enforce a covenant running with the land, conveyed by the covenantee, to use it for church purposes only, on condition that his aim is to protect land which he has intercepted under power conferred by statute on the personal representative.

7. INJUNCTION ⬤⇒23 — COVENANT RUNNING WITH LAND—CONVENIENCE OF PARTIES.

In suit by heirs of deceased covenantee to enforce covenant running with the land, conveyed by their ancestor, for its use for church purposes only, a court of equity cannot exercise any discretion to balance the convenience of plaintiffs against that of defendant; preservation of a clear contractual right, of which defendant is charged with knowledge, being involved.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Suit by James Harrison and others against H. H. White. From decree for plaintiffs, defendant appeals. Affirmed.

W. O. Mulkey, of Geneva, and Simmons & Yarbrough, of Enterprise, for appellant. W. W. Sanders, of Elba, for appellees.

SAYRE, J. The purpose of the bill in this cause was, by injunction, to prevent the breach of a covenant by which appellant's predecessor in title, upon taking a conveyance of a certain lot in the town of Enterprise, agreed with his vendors, the ancestor of appellees among them, as follows:

"It is understood and agreed that no frame building be placed on this lot. It is understood and agreed that this lot shall be used for church purposes only."

The prayer of the bill was:

"That a temporary injunction be issued * * * restraining or enjoining the respondent * * * from doing anything whatsoever

in future carrying out his plans for the erection of a frame building or other building upon said triangular shaped lot for hospital or sanitarium purposes."

The proof was that defendant had entered upon the execution of a plan to erect a building to be used as a hospital or sanitarium, which was to be constructed with a wooden frame and an exterior of stucco and pebble-dash and covered with asbestos roofing. It may be conceded that the dominant idea in the mind of the pleader, as gathered from the bill, was to insist upon the covenant against a frame building. We are inclined to hold that defendant's building was to be a frame building within the purview of the covenant; but defendant has quoted an authority (2 Words and Phrases, Second Series, 626), where we read:

"Frame, as applied to a building, means wooden. A 'frame building' is one constructed with a timber frame covered with boards or shingles, and does not include a wooden building covered with corrugated iron. Olmstead v. People, for Use of Town of Littleton, 91 Pac. 1113, 41 Colo. 32"

—and the decree in this cause enjoins the use of the lot for any "other purposes than church purposes only." Assuming for the moment that the decree was proper in other respects, we are not of the opinion that it should be condemned as having afforded relief on a ground other than that upon which it was sought by the pleader.

[1, 2] Covenants will, in general, be most strongly construed against the covenantor; still the paramount rule is to so expound them as to give effect to the actual intent of the parties (15 C. J. 1219); and in the deed before us the language employed, without more, makes one intent of the parties clear beyond doubt: It is simply that the lot should be used for church purposes only.

[3, 4] We have found no fair way by which to evade the conclusion that the covenant in this case was not a personal covenant. It may have been considered—presumptively it was—that the value of the neighboring property of the grantors was beneficially affected by the covenant. Certainly it must have been considered that the devotion of the property conveyed to the use of a church —and we think we may safely assume that the parties had reference to a church of some one, any one, of the Christian denominations commonly known in this country— would make of it a more desirable neighborhood than would other uses to which many town lots are devoted. The performance or nonperformance of this covenant very clearly affected the mode of enjoyment of the granted premises, and their value or quality, so as to render the title acquired by the vendee a subordinate one. It qualified the estate the vendee took, and attached itself to that estate. It was therefore a covenant running with the land. Gilmer v. M. & M. R. R. Co., 79 Ala. 569, 58 Am. Rep. 623; Webb v. Robbins, 77 Ala. 176; Morris v. Tuskaloosa Mfg. Co., 83 Ala. 565, 3 South. 689; Weil v. Hill, 193 Ala. 407, 69 South. 438. The meaning of the covenant is plain, as we have said; it is not affected by illegality of any description; and the court cannot, on proper application, refuse to enforce it. It is not for the court, but for the parties to whom the benefit of the covenant has inured, to estimate the amount of the damages threatened. Pom. Eq. Jur. § 1342. It is also said that—

"Restrictive covenants in deeds, leases, and agreements, limiting the use of land in a specified manner, or prescribing a particular use, which create equitable servitudes on the land, will be specifically enforced in equity by means of an injunction, not only between the immediate parties, but also against subsequent purchasers with notice, even when the covenants are not of the kind which technically run with the land." Morris v. Tuskaloosa Mfg. Co., supra.

[5, 6] The heirs at law of the deceased covenantee may maintain this bill. It was so ruled in Robbins v. Webb, 68 Ala. 393. In that case it was said also that the personal representative might maintain a bill of this character; but we think that may be done by him in the event only he seeks to protect land which he has intercepted under the power conferred by statute on the personal representative, for, otherwise, he has no interest in the lands of his intestate; they pass, as at common law, to the heir, at the instant of the ancestor's death. Brown v. Mize, 119 Ala. 10, 24 South. 453. It appears, therefore, that the administratrix of complainants' ancestor had no right whatever to bind them by her release of the covenant.

[7] In the last place it is urged for appellant that, in view of the peculiar circumstances, the court should have exercised its discretion to the end that appellant be relieved of the burden of this covenant. It is said that to enforce the covenant will result in great hardship to appellant and no possible benefit to the complainants. The court was not free to adopt that view of the case. It was bound to act upon the hypothesis that appellant purchased the lot in question with full knowledge of the covenant and all its legal consequences; it was bound also to assume that the restriction of this covenant, and its effect upon property rights, had consideration when the deed from complainants' ancestor to defendant's predecessor in title was executed and remained a constant factor in subsequent transfers. Complainants were insisting upon plain contract rights, and the trial court was not free to consider the relative convenience or inconvenience of the parties. A court of equity does not recognize any balancing of conveniences when the preservation of a

clear, established right, which will be destroyed if relief be not granted, is involved. 14 R. C. L. p. 359, § 61. In Trustees of Columbia College v. Thacher, 87 N. Y. 313, 41 Am. Rep. 365, commented on in Morris v. Tuskaloosa Mfg. Co., supra, great changes in the surroundings of the property affected by a covenant—brought about, it must have been, independently of the parties—were taken into consideration; but the case at bar presents no feature of that character; and this court, in the Tuskaloosa Case, said that if the right be conceded, and its enforcement be not against public policy, there is no question that injunction is the only redress which is efficient and adequate. All circumstances considered, we feel safe in saying that, to allow defendant, upon the considerations advanced by him, to shake off the restriction which must have affected the price when his predecessor purchased the property would involve a departure from the system of equity administered by the courts—would be inequitable. Appellant cannot be heard to complain, for, the limitation being expressed in the face of his title, he is charged with knowledge of it. Not only so, but in fact he knew of it; and, as we have said in substance, presumptively it affected the price which he paid. Or if appellant was mistaken as to the true meaning of the covenant or as to the legal effect of the measures he took to avoid it, that was a mistake of law, to which appellees were not parties, and against which there can be no relief.

The decree must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.