171 So. 351

**MOSEBY et ux. v. ROCHE et al.**

1 Div. 940.

Supreme Court of Alabama.

Dec. 17, 1936.

B. F. McMillan, of Mobile, for appellants.

D. R. Coley, Jr., of Mobile, for appellees.

FOSTER, Justice.

This is a bill in equity filed by appellees against appellants, seeking an injunction from violating a certain restrictive covenant contained in an alleged contract executed by Harry Moseby, one of the appellants, and by the complainants, or some of them, through whom the others claim. The wife of Harry Moseby is one of the respondents and appellants, but she did not execute the contract.

Counsel for appellees distinctly assert that they do not rely upon a right to abate a nuisance defined by section 9271 or 9280, Code, but base their claim to an injunction on the violation of the restrictions of a covenant.

They all own property on an island fronting the bay, valuable as a bathing beach, and for summer residences, and perhaps for year-round uses as well. Harry Moseby is a negro, and his wife a creole, and complainants are white people.

The agreement was not signed by Nellie Moseby, Harry's wife. It stipulates that appellants have been using their property for picnics and bathing parties for negroes, which constitute a nuisance which is not for the best interest of the community and public policy, wherefore in consideration of those facts and $15 cash paid, the first parties, Harry and Nellie (Nellie not signing) release permanently the right to use said property for such purposes or for any commercial or other public purpose, without the consent of the other parties, reserving all reasonable and proper use by them, their family, or bona fide family guests. It is also stipulated to run with the land. The allegation is that for practically two years the agreement was kept, but now the respondents claim that the property was conveyed to Nellie, and it is not binding on her, and they do now violate it and will continue to do so, etc.

The demurrer seems to take the point that it is an undue restriction on the use of their property, and that no nuisance is shown by the facts alleged, and that section 9280 et seq. apply and have not been complied with.

■ But the question is dependent upon the rights conferred by the alleged contract. A covenant of the sort involved creates an easement and runs with the land against all parties with notice, who succeed in interest. Robbins v. Webb, 68 Ala. 393; White v. Harrison, 202 Ala. 623, 81 So. 565; Virgin v. Garrett (Ala.Sup.) 169 So. 711;[1] McCarthy v. Nicrosi, 72 Ala. 332, 47 Am.Rep. 418; 19 Corpus Juris, 910; 15 Corpus Juris, 125, § 69. It is not necessary that it shall be embraced in a deed, but may be effected by separate instrument if there is a consideration. Gilmer v. M. & M. Rwy. Co., 79 Ala. 569, 58 Am.Rep. 623; Mobile & M. R. Co. v. Gilmer, 85 Ala. 422, 5 So. 138.

■ The recital of a consideration of $15 fixes its status as one based upon a valuable consideration as between the parties to the contract. If the money was not paid, he was long ago due to receive it. The nature of the contract as one for value cannot be disputed by showing that the money was not paid, or was for a small amount (no question of a bona fide purchase being involved, nor the rights of persons not parties to the contract). Bethea v. McCullough, 195 Ala. 480, 489 (7), 70 So. 680; Shows v. Steiner, 175 Ala. 363, 370, 57 So. 700; Davis v. Anderson, 218 Ala. 557, 119 So. 670.

■■ Parties may for value voluntarily bind themselves as to the use of their property in some reasonable limited respect, which is not in general restraint of trade, or of substantially all legitimate uses of their property. 13 Corpus Juris, 467; 5 Alabama Digest, Covenants, p. 647, ☞69 (1); Virgin v. Garrett (Ala.Sup.) 169 So. 711;[1] Robbins v. Webb, supra; Webb v. Robbins, 77 Ala. 176.

Equity has jurisdiction to enforce such a covenant unaided by statute. McKee v. Club-View Heights, 230 Ala. 652, 162 So. 671.

■ The bill is not filed to abate such nuisances as are defined by section 9280,

---

Code, when the requirements of section 9284, Code, must be observed. Brown v. State, 222 Ala. 623, 133 So. 913. Such grounds of demurrer are not well taken.

■ The bill alleges that Harry Moseby represented himself to be the owner of the property, and that his wife would also execute the contract. But when he returned with it he advised them that she would not do so, and delivered it without her signature. It was then recorded on August 31, 1934. The bill alleges that on September 1, 1934, a deed purporting to be from Harry to his wife was recorded. It does not allege the date of the deed nor other circumstance connected with it, nor any fact affecting its invalidity, or effect upon complainants' claim here made. The easement was dated August 30, 1934. Any deed made by Harry Moseby after that time would be subject to the easement unless it was made to a bona fide purchaser for value, and without notice.

■ There is no ground of demurrer by Nellie Moseby which goes to the insufficiency of the bill to show that the easement is binding on her, or that her rights under the deed for any reason are subordinate to complainants. Its sufficiency in that respect is not therefore before us for consideration.

We think the decree properly overruled the demurrer as to both appellants, who separately assign errors.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

