Alex Tuzik and Wanda Tuzik, Appellants, v. V. Lukes and Bozena Lukes, Appellees.

**Gen. No. 39,776.**

Opinion filed January 10, 1938.

Milton H. and Edward W. Weiss, of Chicago, for appellants.

HARRY M. BROSTOFF, of Chicago, for appellees; J. NORMAN GODDESS, of Chicago, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiffs sought to enjoin defendants from violating a contract between the parties; answer was filed; plaintiffs moved to strike this, which motion was denied; the court found that no issues of fact were presented by the pleadings, dismissed the complaint for want of equity, and plaintiffs appeal.

The complaint as amended alleged that in April, 1931, defendants owned the building at 5311 S. Kedzie avenue, Chicago, with a bakery shop located therein; that plaintiffs purchased from defendants these premises and the business, and since that date, continuously to the present time, have operated the bakery business there located. Defendants also owned the vacant lot at 5315 S. Kedzie avenue, next door and adjacent to the building and bakery at 5311 S. Kedzie avenue. July 1, 1933, plaintiffs purchased from defendants this vacant lot, and in conjunction with this purchase a written agreement was made that defendants would refrain from entering into the bakery business for 10 years in the territory covered by a radius of one mile from 5311 S. Kedzie avenue. The complaint further alleged that this agreement is still in full force and effect, but that defendants, disregarding the agreement, on February 26, 1937, engaged in the bakery business at 5223 S. Kedzie avenue, which is one block from the premises occupied by plaintiffs as a bakery. The complaint concluded that if defendants continue in the business at this location it will damage plaintiffs and will be in direct violation of the defendants' agreement. Plaintiffs asked that defendants be enjoined and restrained from violating this agreement.

Defendants' answer admits the execution of the agreement and that they are engaged in a bakery shop

at 5223 S. Kedzie avenue, as alleged in the complaint; they assert that the agreement of July 1, 1933, is illegal and void as an attempt by plaintiffs to stifle competition and against public policy, not incidental to or in support of any contract or sale wherein the plaintiffs acquired some property, interest or business requiring protection.

The agreement recites in substance that in consideration of the purchase of the real estate by plaintiffs, defendants agreed that they would not engage, either as principals or as employees, in the bakery business for 10 years from date in the one mile territory surrounding 5311 S. Kedzie avenue. The agreement is dated July 1, 1933, and is signed by defendants.

Is such an agreement valid and enforceable? The general rule concerning such contracts is stated in *Union Strawboard Co. v. Bonfield,* 193 Ill. 420: ''A contract in partial restraint of trade is valid provided it is founded upon a good consideration and only affords a reasonable protection to the interests of the party in whose favor it is imposed, and the prohibited area is reasonable, so as not to be injurious to the interests of the public and against public policy.'' In *Pelc v. Kulentis,* 257 Ill. App. 213, defendants had agreed not to engage in the grocery business in North Chicago, Illinois; there was no limitation as to the duration of the restriction. The court sustained this agreement and summed up the law as follows: ''Considered with reference to the situation, business and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, if the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not injurious to the public, the restraint will be held valid. The test applied to the question of reasonableness is whether the restraint is such only

as to afford a fair protection to the interests of the party in whose favor it is given, and not so large as to interfere with the interests of the public.'' Similar language may be found in *Decker v. West,* 273 Ill. App. 532; *Storer v. Brock,* 267 Ill. App. 138. The opinions in these last mentioned cases go into the subject exhaustively, with citation of many decided cases.

The argument of defendants is that a contract restricting one from engaging in a business is void and unenforcible unless it is incident to and in support of another contract or a sale by which the contractee acquires some interest in the business needing protection, citing Elliott on Contracts, vol. 2, pages 146–147; *Union Trust & Sav. Bank v. Kinloch Long Distance Telephone Co.,* 258 Ill. 202, and other cases. Defendants argue that the contract in question was incidental to a part of a contract involving solely the sale of a vacant lot, and that plaintiffs did not purchase thereby any good will or interest which the agreement was designed to protect.

The law is as stated by defendants, but in passing upon the validity of this agreement we must consider all the facts presented. Plaintiffs had purchased from defendants the bakery business and building at 5311 S. Kedzie avenue; defendants owned the adjacent vacant lot; they also sold this to plaintiffs and as a consideration for such purchase defendants agreed to the restrictive covenant in question. It was reasonable that plaintiffs desired to protect their bakery business and agreed to purchase the real estate from defendants upon condition that defendants would enter into the restrictive contract. This was a reasonable agreement in the light of all the surrounding circumstances and meets the requirements of a valid restrictive contract quoted above in the *Union Strawboard Co.* and *Pelc* cases.

We are of the opinion the contract is valid and enforcible. The trial court was in error in dismissing the complaint. The order is therefore reversed and the cause remanded with directions to issue a permanent injunction as requested by plaintiffs.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.