32 So.2d 299

### BUCKALEW et ux. v. NIEHUSS.
#### 2 Div. 233.

Supreme Court of Alabama.
Oct. 30, 1947.

Adams & Gillmore, of Grove Hill, for appellants.

Scott & Porter, of Chatom, for appellee.

SIMPSON, Justice.

This suit is to enforce a covenant in a deed restricting the use of the conveyed property to residential purposes only.

Appellant Niehuss in 1937 purchased from E. E. Jackson Lumber Company its entire community site of Riderwood, which it had owned and used in connection with its sawmill operations, comprising some 700 acres of land. The lumber company owned the residences where the employees lived and operated the only mercantile establishment in the village, and after ceasing operations the property was sold to Niehuss. After his purchase Niehuss operated the store and began to recondition the village, which now has some small industries, brought in through his influence and efforts. After his purchase Niehuss tore down and sold some of the buildings and sold other lots, some of which were improved with dwelling houses. Among the lots sold was the one acquired by appellants' predecessor in title. There are about twenty white residences, thirteen of which number have been sold and are now owned by individuals other than Niehuss. Each of the deeds of sale from Niehuss contained the restrictive covenant that the property was to be used "only for residential purposes."

Appellant Jewel Buckalew succeeded to the title of one of these lots and thereafter her husband, appellant Otis Buckalew, started erecting a store building on it for the purpose of carrying on a mercantile business. This suit was instituted by Niehuss to enjoin such use of the property on the basis of this covenant in the deed, of which the appellants had notice before the purchase and contemplated improvement of the lot.

The appeal is from a decree overruling a motion to dissolve the injunction. The sole question is whether the reservation should be enforced. The right is conceded unless its enforcement is against public policy.

Reservations of the character here considered have long been sanctioned in Alabama and are regarded as valid and enforceable. Morris & Morris v. Tuskaloosa Mfg. Co., 83 Ala. 565, 3 So. 689; Webb v. Robbins, 77 Ala. 176; McMahon v. Williams, 79 Ala. 288; Robbins v. Webb, 68 Ala. 393; Virgin v. Garrett, 233 Ala. 34, 169 So. 711; McKee v. Club-view

Heights, Inc., 230 Ala. 652, 162 So. 671; White v. Harrison, 202 Ala. 623, 81 So. 565; Scheuer v. Britt, 218 Ala. 270, 118 So. 658; Pugh v. Whittle, 240 Ala. 503, 199 So. 851.

■ An owner of property in fee can dispose of it with such a restriction imposed and (except by eminent domain) could not be compelled to sell it on any other terms. The grantee who accepts the property with this limitation or servitude on the right to use it has no lawful complaint and neither he nor any person succeeding to his estate with notice, actual or constructive, of the restriction imposed can, by judicial fiat, invoke the enlargement of the estate which was not purchased or conveyed. The benefit of this reservation follows the title and serves the dominant estate and the successors in title to the original grantee, with notice of the servitude, are bound by it. Webb v. Robbins, supra; McMahon v. Williams, supra; Morris & Morris v. Tuskaloosa Mfg. Co., supra.

The real contention in the case is that the restriction incorporated in the deed is contrary to public policy as in restraint of trade and tending to create a monopoly. Able counsel have supported the contention with cogent and ingenious argument, but we are persuaded the current of opinion sustains a contrary view and that to hold otherwise would upset a rule of property long prevailing in this jurisdiction.

■ On the general proposition of contracts in restraint of trade, we will observe in passing that covenants or contracts in partial reasonable restraint of trade whereby the purchaser of property agrees not to use it in competition with the business retained by the vendor, if incident to and in support of the contract of sale as to which the covenantee has an interest which is in need of protection, are generally pronounced valid and upheld by the courts. Shapard v. Lesser, 127 Ark. 590, 193 S.W. 262, 3 A.L.R. 250, citing, among other cases, Tuskaloosa Ice Mfg. Co. v. Williams, 127 Ala. 110, 28 So. 669, 50 L.R.A. 175, 85 Am.St.Rep. 125; Pearson v. Duncan & Son, 198 Ala. 25, 73 So. 406, 3 A.L.R. 242; American Laundry Co. v. E. & W.

Dry Cleaning Co., 199 Ala. 154, 74 So. 58; 91 A.L.R. 980; 17 C.J.S., Contracts, §§ 238, 246 et seq.; Williston on Contracts, Rev.Ed., Vol. 5, paragraph 1642, pp. 4602-06.

■ The authorities declare that on the question of the reasonableness, vel non, of such restraint, the restriction is to be tested by its reasonableness with respect to the covenantee and the subject itself involved and if on a consideration of the subject matter and the nature of the business to be protected, the restriction only affords a fair protection to the interest of the covenantee and not so onerous as to interfere with the purchaser's interest or to impose undue hardship on the party restrained, it will be upheld. American Laundry Co. v. E. & W. Dry Cleaning Co., supra; Arnold & Co. v. Jones' Cotton Co., 152 Ala. 501, 44 So. 662, 12 L.R.A.,N.S., 150.

And, though a general agreement without limit of time or space whereby one agrees with another not to engage in a certain business is usually held void, an agreement for a limited space on a proper consideration is generally upheld. Arnold & Co. v. Jones' Cotton Co., supra; American Laundry Co. v. E. & W. Dry Cleaning Co., supra.

As indicated, on the precise question at issue, our own court has heretofore sanctioned as valid similar restrictive covenants in contracts and conveyances as the one here considered. Of the cases we have cited above, we will mention briefly three which we regard as most pertinent.

A restriction was upheld and enforced in Robbins v. Webb, 68 Ala. 393, where the owners and proprietors of a public warehouse on a navigable river conveyed the adjoining land and as a part of the sale received a covenant from the grantees not to allow a warehouse or place of shipping or receiving goods on the conveyed premises. In upholding the validity of the restriction, the court said:

"The contract in question was not void as against the public policy. Contracts restraining the exercise of any trade, profession or business, are legal when there is a fair and reasonable ground for the re-

striction, and they are confined to a limited locality, not unreasonably large or extensive. Major v. Pattison, 10 East. 136; 1 Addison on Contr. § 272; Nobles v. Bates, 7 Cow. [N.Y.], 307.

"A covenant of this character, furthermore, 'runs with the land,' and the right to enforce it passes to the personal representative, heirs, and assigns of the covenantee. It is also binding on the personal representative, heirs, and assigns of the covenantor, and also upon all purchasers from him with notice of the encumbrance. Spencer's Case, 1 Smith Lead. Cases, (Hare & Wall), 140 note. 68 Ala. at page 399.

In the case of McMahon v. Williams, 79 Ala. 288, a like covenant was also upheld and enforced.

The case of Morris & Morris v. Tuskaloosa Mfg. Co., 83 Ala. 565, 3 So. 689, 690, is similar to the case at bar and is regarded by us as decisive of the question here litigated. There the owners and operators of cotton mills sold a part of their lands with the reservation that it should be used "as a residence only, and not for the purpose of a trading-house, or house or place for the sale of groceries, liquors or merchandise of any kind or description whatever." The owner of the servient estate was enjoined from carrying on a mercantile business on the property conveyed. The same complaint of monopoly and contention of invalidity as in restraint of trade was urged but the court, speaking through Mr. Chief Justice Stone, affirmed the validity of such a reservation and answered that "to recognize such doctrine [that the restriction was void as tending to create a monopoly], would be to place a very dangerous restraint on the power of alienation, which is supposed to be inherent in the ownership of property." 83 Ala. at page 573, 3 So. at page 692.

■ But it is argued that the instant case is to be distinguished because Niehuss owned the entire property and by selling the thirteen pieces with the stated restriction, in effect inhibited the carrying on of any mercantile business by anyone else in the community and had the effect of controlling the economy of the village and allowed him to sell his merchandise at his own price. Under the circumstances disclosed by the evidence, in the light of the holdings in our former cases, this was his right and he could no more be required to relinquish that right than to sell any of his property which he did not wish to sell. Nor could appellants, taking possession under a conveyance containing such a restriction, afterward throw off the restraint and maintain the right to an unqualified use of the estate. We deem it not amiss to observe also that the residents of the village were not required to patronize his store. There were other trading centers conveniently accessible where they might and did trade and the Buckalews were free to carry out their contemplated business on any other property in the neighborhood they might acquire free of such restriction. There is nothing in the reservation violative of sound public policy or just legal principles as approved in former decisions and we can see nothing in this case justifying a different conclusion or warranting the invoking of different principles than as enunciated in Morris & Morris v. Tuskaloosa Mfg. Co., supra, and the other cited cases.

■■ It is true that contracts in general restraint of trade violate the policy of the law and are therefore void, but as observed in Terre Haute Brewing Co. v. McGeever, 198 Ala. 474, 73 So. 889:

" * * * Every contract, however, which at all restrains or restricts trade, is not void; it must injuriously affect the public weal; that it may affect a few or several individuals engaged in a like business does not render it void. Every contract of purchase and sale to some extent injures other parties; that is, it necessarily prevents others from making the sale or sales consummated by such contract. * * *

"Contracts in partial restraint of trade are always upheld, when properly restricted as to territory, time, and persons, where they are supported by sufficient consideration. Moore & Handley [Hardware] Co. v. Towers [Hardware] Co., 87 Ala. 206, 6 So. 41, 13 Am.St.Rep. 23, and note; Tuskaloosa [Ice Mfg.] Co. v. Williams, 127 Ala. 110, 28 So. 669, 50 L.R.A. 175, 85 Am. St.Rep. 125, and note; Linn v. Sigsbee,

67 Ill. 75; Hursen v. Gavin, 162 Ill. 377, 44 N.E. 735." 198 Ala. at page 480, 73 So. at page 891.

The following authorities deal with the question of contracts tending to create a monolopy and, though not entirely apposite, are also persuasive to the same result: Messett v. Cowell, 194 Wash. 646, 79 P.2d 337; Hodge v. Sloan, 107 N.Y. 244, 17 N.E. 335, 1 Am.St.Rep. 816; Wakefield v. Van Tassell, 202 Ill. 41, 66 N.E. 830, 65 L.R.A. 511, 95 Am.St.Rep. 207; Tuzik v. Lukes, 293 Ill.App. 297, 12 N.E.2d 233; Seeck v. Jakel, 71 Or. 35, 141 P. 211, L.R.A. 1915A, 679; Natural Products Co. v. Dolese & Shepard Co., 309 Ill. 230, 140 N.E. 840; Whealkate Mining Co. v. Mulari, 152 Mich. 607, 116 N.W. 360, 18 L.R.A.,N.S., 147; Southern Pac. R. Co. v. Blaisdell, 33 Cal.App. 239, 164 P. 804; 17 C.J.S., Contracts, §§ 238, 247, 249, 250; Vanover v. Justice, 180 Ky. 632, 203 S.W. 321, L.R.A. 1918E, 662; Lumbermen's Trust Co. v. Title Ins. & Inv. Co., 9 Cir., 248 F. 212; Leslie v. Lorillard, 110 N.Y. 519, 18 N.E. 363, 1 L.R.A. 456.

Consideration given the precise point, as indicated by the annotator (91 A.L.R. 988), has been meager and unsatisfactory and our own research has brought to light only two cases which might be regarded as, in a measure, opposed to the conclusion here reached. The cases are Burdell v. Grandi, 152 Cal. 376, 92 P. 1022, 14 L.R.A., N.S., 909, 125 Am.St.Rep. 61, and Chippewa Lumber Co. v. Tremper, 75 Mich. 36, 42 N.W. 532, 4 L.R.A. 373, 13 Am.St.Rep. 420. But even these cases might be distinguishable in that the terms and conditions of the reservations in the respective conveyances considered in those cases were of a different character and decision there was rested on different factual situations than as disclosed in the instant case.

We note, however, that the annotation to the Burdell case (resting on the Chippewa Lumber Co. case) indicates that the Alabama case of Morris & Morris v. Tuskaloosa Mfg. Co., supra, might be contra in principle to these other two cases. 14 L.R. A.,N.S., 910.

However, it is unnecessary to undertake to reconcile or distinguish de-

cisions from other jurisdictions since the principle of the Morris & Morris v. Tuskaloosa Mfg. Co. case and other Alabama cases has become a rule of property in this jurisdiction which this court is not now disposed to depart from.

It results that the decree must be affirmed.

Affirmed.

All the Justices concur.