ON REHEARING
This court's original opinion dated March 24, 1982 is withdrawn and the following is substituted therefor:
The plaintiff, Larry Hanson, as assignee of the First National Bank of Alexander City (Bank), sued the defendant, Hubert Henderson, on a promissory note.
The trial court entered a partial summary judgment in favor of the plaintiff, stating in pertinent part:
 [T]he Plaintiff is entitled to recover a deficiency judgment against the Defendant. The amount of such judgment cannot be determined at this time, and will be determined in later proceedings in this case."
Thereafter, the defendant filed a counterclaim against the plaintiff alleging conversion, breach of contract, and violation of section 7-9-501, Code of Alabama 1975.
The issues presented in the counterclaim and the amount of damages recoverable for the deficiency judgment were tried by a jury.
The jury returned a verdict in favor of the plaintiff in the amount of $5,508.82. The jury returned a verdict in favor of the defendant on the counterclaim in the amount of $262.50. The trial court entered a judgment against the defendant in the amount of $5,246.32.
The defendant's motion for a JNOV or in the alternative a new trial was denied and the defendant appeals.
The following pertinent facts appear in the record:
The defendant purchased a truck from the plaintiff. The defendant financed the truck by signing a promissory note payable to the Bank in the amount of $18,288.72 and pledged the truck as collateral.
Both the plaintiff and an officer of the Bank testified that the plaintiff co-signed this note. The copy of the note attached to the complaint bears the signatures of both the plaintiff and the defendant, although the copy of the note introduced at trial merely contains the defendant's signature. The defendant testified he had no knowledge that the plaintiff had co-signed the note.
Pursuant to the terms of the note, the defendant was to make payments to the Bank on the first day of each month. The first payment was made on July 1. The record indicates the payments from August through January were all delinquent. No payment was made in February.
A witness from the bank testified that the defendant was contacted several times concerning the late payments. According to the Bank officer, the defendant informed the Bank in February that he could not make the payments, and the defendant would put the truck where the Bank could pick it up. When the Bank advised the plaintiff of the defendant's actions, the plaintiff himself contacted the defendant concerning the truck.
The defendant then parked the truck in front of a service station. The plaintiff contacted several parties about buying the truck. One witness testified he offered the plaintiff $5,500 for the truck. Another witness said he offered $6,000. The plaintiff, without informing the defendant, eventually accepted an offer of $8,000 from Wyatt Motley. The plaintiff allowed Motley to take the truck to Motley's home for several days before completing the sale. *Page 973 
Several witnesses, including Motley, testified the truck was in poor mechanical condition. These witnesses noted that the engine needed repairs and the tires should be replaced. The defendant disputed this testimony.
Motley paid the Bank $8,000 for the truck. This sum was credited to the defendant's promissory note, leaving an outstanding balance of $5,508.82. The plaintiff, claiming the Bank had assigned him the note, filed the instant action against the defendant for the balance due on the note.
The defendant, through able counsel, contends on appeal that the trial court erred in granting a partial summary judgment because the plaintiff had no interest in the note. Additionally, the defendant contends the jury verdict is against the great weight of the evidence.
We will first consider whether the trial court erred in granting the partial summary judgment.
An order granting a partial summary judgment provides an opportunity for a trial court to, in effect, make a pretrial order to control and simplify the issues remaining to be litigated. Shades Ridge Holding Company v. Cobbs, Allen HallMortgage Company, 390 So.2d 601 (Ala. 1980). To decide an appeal from a summary judgment, this court looks to the same factors the trial court considered in ruling on the motion.Chiniche v. Smith, 374 So.2d 872 (Ala. 1979). In a ruling on a partial summary judgment, rule 56 (d) ARCP provides that:
 If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.
We have reviewed the pleadings and the affidavits in the instant action and conclude there was no issue of material fact concerning the plaintiff's interest in the note.
Attached to the plaintiff's complaint was a copy of the promissory note showing both the plaintiff and defendant as co-signers. The amended complaint contained a copy of the Bank's endorsement of the note to the plaintiff. The plaintiff stated in his affidavit in support of his motion for summary judgment that the Bank had assigned the note to him.
The defendant merely alleged in his pleadings that the plaintiff did not have any interest in the promissory note. In his affidavit in opposition to the motion for summary judgment, the defendant simply claimed he did not "believe" the plaintiff had any interest in the lawsuit and that the pleadings indicated that the note had not been assigned to the plaintiff. Mere belief is not equivalent to knowledge, and a statement in an affidavit that the affiant verily believes will not satisfy the requirements of rule 56 (e). Oliver v. Brock, 342 So.2d 1
(Ala. 1977).
After a careful review of the pleadings and affidavits, we agree with the trial court that there was no genuine issue of material fact concerning the plaintiff's interest in the note.
We find no merit in the defendant's contention that the plaintiff had no interest in the note because the Bank failed to write the endorsement ". . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof." §7-3-202 (2), Code of Alabama 1975. The endorsement which was filed with the plaintiff's amended complaint states in part:
 For value received we hereby transfer and assign the attached note and security *Page 974 
interest to Larry Hanson. . . ." (Emphasis supplied.)
We find no evidence which indicates the above endorsement was insufficiently attached to the note so as to render it ineffective for negotiation pursuant to section 7-3-202. Put another way, the note was properly assigned to the plaintiff by the endorsement so that the plaintiff became entitled to sue upon the note. Hence, the trial court did not err in entering a partial summary judgment entitling the plaintiff to recover a deficiency judgment against the defendant.
The defendant's second contention is that the jury verdict was against the great weight of the evidence. Specifically, the defendant contends the jury failed to award adequate damages on the defendant's counterclaim.
We initially note a jury verdict is presumed to be correct and will not be set aside on the ground of inadequacy unless the amount is so inadequate as to plainly indicate the verdict was the result of passion, prejudice or improper motive. Freev. Palmer, 373 So.2d 1100 (Ala.Civ.App.), cert. denied,373 So.2d 1103 (Ala. 1979). This presumption is strengthened when, as is the case here, the trial court has denied a new trial motion. Harrison v. Mitchell, 391 So.2d 1038 (Ala.Civ.App. 1980).
In the instant action, the defendant contends the plaintiff disposed of the collateral (the truck) in a commercially unreasonable manner thereby entitling the defendant to damages under section 7-9-507 (1), Code of Alabama 1975. This section provides:
 If it is established that the secured party is not proceeding in accordance with the provisions of this part, disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor . . . has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. . . .
The procedure for disposing of collateral, in this instance, is controlled by section 7-9-504 (3), Code of Alabama 1975, which requires in pertinent part:
 Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. . . . [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . .
Whether the plaintiff disposed of the truck in a commercially reasonable manner in compliance with above provisions is a question for the jury. Wells v. Central Bank of Alabama, N.A.,347 So.2d 114 (Ala.Civ.App. 1977). If a secured party failed to conduct the sale in a commercially reasonable manner, he is still entitled to recover for a deficiency judgment, but the defaulting party is entitled to a setoff for damages incurred by the secured party's actions. Valley Mining Corp. v. MetroBank, 383 So.2d 158 (Ala. 1980).
The defendant contends the plaintiff acted in a commercially unreasonable manner by failing to give the defendant notice of the sale of the truck. Consequently, the defendant contends he incurred substantial damages.
There is evidence, however, from which the jury could have inferred the defendant had notice that the truck would be sold. The Bank officer testified that the defendant said he would put the truck where the Bank could get it. The Bank relayed this information to the plaintiff, whereupon the plaintiff went to the defendant's house and spoke to the defendant. The plaintiff did not, however, inform the defendant that the truck was going to be sold to Motley.
Finally, as indicated, the record reflects that Motley paid $8,000 for the truck. That was the highest offer made by any of the prospective purchasers. *Page 975 
With these facts before it, the jury determined the defendant had been damaged in the amount of $262.50. The trial court set off this amount against the damages awarded the plaintiff for the deficiency judgment.
We cannot say on these facts that the jury's verdict was inadequate. The indication that the defendant had some notice of an impending sale of the truck, plus the fact that the truck was sold to the highest bidder, supports the jury's award of damages.
In that the trial court did not err in granting a partial summary judgment and that the jury verdict was not against the great weight of the evidence, this case is due to be affirmed.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.