Plaintiffs appeal from the trial court's order denying their application for a preliminary injunction. We reverse and remand.
Plaintiffs Famex, Inc. (Famex), and American Automobile Insurance Company (American) are subsidiaries of the Fireman's Fund Insurance Company. American is an insurance company engaged in writing property and liability insurance. Famex is not an insurance company. Famex is engaged in the business of marketing insurance, including market consultation, development of group insurance programs and organization of a sales network for marketing group programs. Plaintiffs seek to enforce a non-competition agreement with the defendant Century Insurance Services, Inc. *Page 1054 
(Century), and the chief executive officers of the corporate defendant as individual defendants. Century is an independent insurance agency located in Birmingham, Alabama.
Century entered into an authorization agreement with Famex which designated Century as an appointed agent of Fireman's Fund Insurance Company. Famex provided Century with written materials pertaining to the operation of the Famex plan, premium rates, and underwriting criteria as well as information concerning "leads." In addition to the manuals containing instructions for Famex agents, Famex prepared and distributed a file or kit for each of its group programs. These kits included information about the particular industry and about the organizations which sponsored the group insurance programs for their members. Famex also conducted market, loss control and other research pertinent to the insurance business, and provided the results of these studies to its agents, including Century.
Century operated and did business as a Famex agent under the agreement until disputes arose in May of 1981. Century sold and wrote insurance coverages for five Famex insureds with insurance carriers not affiliated with Famex/Fireman's Fund plans. This activity violated the authorization agreement. During July and August 1981, Century began soliciting and quoting coverages to other Famex insureds for insurance coverages with other companies not affiliated with Famex. Famex terminated its agreement with Century in writing on August 13, 1981, effective after thirty days. Famex then sought to enforce the following noncompetition clause which was a part of the agreement between Century and Famex:
"X. Agent's Obligation Upon Termination
". . .
 "(b) For a period of three (3) years following termination of this Agreement, Agent agrees not to solicit any insured written under a Network Insurance Program for coverages which were available under the Network Insurance Programs."
The trial court found that the provision which the plaintiff seeks to enforce was void as a restraint of trade under Code 1975, § 8-1-1:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.
 "(c) Upon or in anticipation of a dissolution of the partnership, partners may agree that none of them will carry on a similar business within the same county, city or town, or within a specified part thereof, where the partnership business has been transacted."
We disagree. A similar restraint was recently considered and upheld by this court in Hibbett Sporting Goods, Inc. v.Biernbaum, 391 So.2d 1027 (Ala. 1980). The Hibbett case concerned an agreement between Hibbett, the lessee and Biernbaum, the lessor of space in a shopping mall. In that case the lessor agreed not to lease space in the mall to another sporting goods store. Citing a well-established line of cases, we said:
 "`It is true that contracts in general restraint of trade violate the policy of the law and are therefore void, but as observed in Terre Haute Brewing Co. v. McGeever, 198 Ala. 474, 73 So. 889:
 "`". . . Every contract, however, which at all restrains or restricts trade, is not void; it must injuriously affect the public weal; that it may affect a few or several individuals engaged in a like business does not render it void. Every contract of purchase and sale to some extent *Page 1055 
injures other parties; that is, it necessarily prevents others from making the sale or sales consummated by such contract. . . .
 "`"Contracts in partial restraint of trade are always upheld, when properly restricted as to territory, time and persons, where they are supported by sufficient consideration." . . .'"
Id. at 1029. (Citations omitted.)
Under the agreement in the present case, the restraint lasts for three years, which is a reasonable time. Century is not prohibited from doing business, but only from soliciting Famex insureds. With all respect, we are convinced that the learned trial court misinterpreted the statute. In light of Hibbett and the cases cited therein, the statute does not apply to partial restraints. The clause at issue in the case at bar obviously is in partial restraint of trade, it is reasonable and sufficiently limited, and therefore it is not void. The judgment denying the application for a preliminary injunction is due to be and is reversed and this cause is remanded for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.