This case involves a covenant not to compete. The trial court granted an injunction against the appellants, ordering them to discontinue, for the remaining period of the covenant, operating the restaurant they had opened in violation of the covenant. Appellants argue that the covenant is void as a restraint of trade, or if not, that their restaurant operation was not violating the covenant, at least at the time the trial court entered the injunction.
On January 6, 1972, Robert W. Gafnea and Gwen Gafnea signed a franchise agreement with Pasquale Food Company, Inc., whereby the Gafneas were to operate a Pasquale's pizza restaurant in Bessemer, Alabama. The agreement was to last ten years, and had specific provisions for renewal:
 "If this Agreement has not terminated prior [to the end of the ten-year period], then Franchisee may, no sooner than one hundred twenty (120) days nor later than thirty (30) days prior to the expiration of the above ten-year period, make written request to the Franchisor for a new Agreement. In the event (and only in the event) such written request is made, Franchisee may continue to operate the outlet for a period of ninety (90) days following the expiration of the above ten-year period."
The renewal provision continued with conditions and procedures for renewing the franchise agreement, not material to this appeal.
Upon the expiration of the ten-year period on January 6, 1982, neither the Gafneas nor Pasquale had performed any of the conditions or procedures specified in the agreement relative to renewing it, but the Gafneas continued to operate their franchise *Page 1368 
in Bessemer. On or about May 30, 1982, the Gafneas ceased making royalty payments to Pasquale. On November 29, Robert Gafnea wrote Pasquale offering to sell it the building and equipment for $275,000. Pasquale's president wrote back on December 7, rejecting the offer.
On December 31, 1982, the Gafneas closed their restaurant. They had extensive remodeling done to the building and reopened in March 1983 as a "Village Inn Pizza `n' Pasta" restaurant. Pasquale filed this suit on April 13, 1983, requesting the court to enjoin the Gafneas from operating a pizza restaurant within five miles of the location of their former Pasquale's restaurant for a period of eighteen months following the time they stopped operating as a Pasquale franchise. Pasquale based this request on the following provision of the franchise agreement:
 "On termination of this Agreement, whether by expiration of the term, default in performance, or any other cause or contingency, Franchisee shall forthwith discontinue the use of Franchisor's service marks, trademarks, and trade names. . . . Franchisee further agrees not to engage directly or indirectly in the same or similar business anywhere within a radius of five (5) miles of premises described herein for a period of eighteen months following termination of this Agreement for any reason."
After a hearing on the merits, the trial court granted the injunction on September 7, 1983, to run for the remainder of the eighteen-month period beginning December 31, 1982. The Gafneas sought and obtained a stay of the injunction pending appeal to this Court. In granting the stay, the trial court stated, "It is the intent of this Court in staying said injunction that the time shall be tolled pending appeal effective September 1, 1983. There remains a period of approximately ten (10) months under which the injunction shall issue against the Defendant upon affirmance of the order entered."
The Gafneas argue that the covenant not to compete is void under the terms of Code 1975, § 8-1-1:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.
 "(c) Upon or in anticipation of a dissolution of the partnership, partners may agree that none of them will carry on a similar business within the same county, city or town, or within a specified part thereof, where the partnership business has been transacted."
The Gafneas argue that because this contract does not fall within any of the exceptions in this statute, the covenant not to compete is void.
Pasquale replies, and the trial court held, that the covenant not to compete is not voided by § 8-1-1, because it is only a partial restraint of trade. It has long been the law in this state that partial restraints of trade may be upheld "when properly restricted as to territory, time and persons, where they are supported by sufficient consideration." Terre HauteBrewing Co. v. McGeever, 198 Ala. 474, 480, 73 So. 889 (1916). This Court has applied this rule in such cases as Famex, Inc.v. Century Ins. Services, Inc., 425 So.2d 1053 (Ala. 1982);Reed v. Herren, 423 So.2d 139 (Ala. 1982); Hibbett SportingGoods, Inc. v. Biernbaum, 391 So.2d 1027 (Ala. 1980);Alabama-Tennessee Natural Gas Co. v. City of Huntsville,275 Ala. 184, 153 So.2d 619 (1963); and Buckalew v. Niehuss,249 Ala. 585, 32 So.2d 299 (1947). *Page 1369 
The Court in Terre Haute Brewing Co. held that
 "[t]he test as to whether a contract in restraint of trade is reasonable or partial and valid or is general and unreasonable is whether it affords fair protection to the parties' interests, without being so extensive in its operation as to violate the law in its execution, or as to interfere with the interest of the public, as distinguished from private interests."
198 Ala. at 481, 73 So. at 892.
Clearly the covenant in this case is not too extensive: it merely prohibits the Gafneas from operating a pizza restaurant in a narrowly confined location for a short period of time. The covenant is necessary to afford fair protection to the parties' interests. The Gafneas have gained experience and built a clientele using the Pasquale reputation and the benefits of their franchise with Pasquale. Pasquale must be able to protect its franchise system by the minimal restrictions designed to prevent franchisees from taking unfair advantage of the benefits Pasquale provides. If Pasquale is forced to suffer this sort of drain on its established business, it may not be able to continue to market its franchise operations or its products and services, which would clearly be detrimental to other franchisees under contracts such as the one under which the Gafneas operated. Finally, it does not interfere with the public interest to allow limited covenants against competition between franchisors and franchisees.
For the above reasons, we agree with the trial court that the covenant not to compete is only a partial restraint of trade and thus § 8-1-1 does not operate to void the covenant. The Gafneas also argue, however, that the contract expired by its terms on January 6, 1982, so the eighteen-month period of the covenant not to compete expired on July 6, 1983, before the trial court issued the injunction.
The trial court held that, by the continued operation of the Gafneas' franchise after the expiration of the franchise agreement, the parties mutually agreed to a new contract with terms to be measured by the provisions of the previous contract. In support of this holding, the trial court citedBlalock v. Perfect Subscription Co., 458 F. Supp. 123 (S.D.Ala. 1978). We cite with approval the following excerpt from that case:
 "It is a general rule of law that where parties who have entered into a contract continue their respective performances under the terms of the contract beyond the expiration date of the contract, the parties are deemed to have mutually agreed to a new implied contract encompassing the same terms. A. Corbin, Contracts, § 684; W. Williston, Contracts, § 90. While there is no Alabama authority directly in point, the Alabama cases recognizing that a contract may be implied in fact from circumstances demonstrating a mutual intent to so contract indicate to this Court that Alabama would follow the majority rule set out above. See, e.g., Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala. 1976); Montgomery Water Works and Sanitary Sewer Board v. Norman, 282 Ala. 41, 208 So.2d 788 (1968); Broyles v. Brown Engineering Company, 275 Ala. 35, 151 So.2d 767
(1963)."
Id., 458 F. Supp. at 126.
We note that the court in Blalock held that a covenant not to compete between a franchisor and a franchisee was void under §8-1-1. The court did not discuss the question of partial restraints of trade upon which we base our holding to the contrary.
The Gafneas assert that if the covenant not to compete is allowed to run beginning with the expiration of an implied contract, the covenant will be void under the Statute of Frauds, Code 1975, § 8-9-2 (1), as an agreement not in writing which is not to be performed within one year. This argument overlooks the fact that the original contract is in writing and indicates the terms of the new implied contract.
Finally, the Gafneas argue that the trial court abused its discretion in granting the injunction because Pasquale did not prove *Page 1370 
irreparable injury or inadequacy of remedy at law. We think the discussion regarding the protection of the rights of the parties under the restraint-of-trade issue adequately answers this contention.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.