I concur specially, not because I disagree with the reasoning of the Court's opinion in this case, but to emphasize an important factual distinction which this case presents, a distinction which may also foreclose recovery under Code 1975, § 8-1-1 (a).
The Court's opinion correctly states that we have long held that contracts imposing partial restraints on trade often do not offend § 8-1-1. See, e.g., Gafnea v. Pasquale Food Co.,454 So.2d 1366 (Ala. 1984); Famex, Inc. v. Century InsuranceServices, Inc., 425 So.2d 1053 (Ala. 1982); Hibbett SportingGoods, Inc. v. Biernbaum, 391 So.2d 1027 (Ala. 1980). A partial restraint *Page 633 
is permissible if it is not overly extensive and if it does not interfere excessively with the public interest. See, e.g.,Gafnea, 454 So.2d at 1368-69. I agree with the Court's opinion in this case that the contract between Humana and Braund is neither so extensive nor so injurious to the public interest as to be void under § 8-1-1. However, I question whether anon-party to a "restrictive" contract (such as the appellant) can state a claim under this statute.
Neither the appellant nor the appellees cite any cases in which a non-party has attempted to set aside a contract under §8-1-1 because that contract restrains the non-party's pursuit of a trade or a profession, and the appellant admits that this is a case of first impression. On the other hand, the cases are legion in which § 8-1-1 has been invoked by the actual parties in attempts to avoid or enforce restrictive terms within their contracts. See, e.g., Greenlee v. Tuscaloosa Office Products Supply, Inc., 474 So.2d 669 (Ala. 1985); Hoppe v. PreferredRisk Mutual Insurance Co., 470 So.2d 1161 (Ala. 1985); Gafneav. Pasquale Food Co., 454 So.2d 1366 (Ala. 1984); Files v.Schaible, 445 So.2d 257 (Ala. 1984); James S. Kemper CompanySoutheast, Inc. v. Cox Associates, Inc., 434 So.2d 1380 (Ala. 1983); Famex, Inc. v. Century Insurance Services, Inc.,425 So.2d 1053 (Ala. 1982); Reed v. Herren, 423 So.2d 139 (Ala. 1982). Such cases suggest that the reach of this statute extends only to the parties to restrictive contracts and not to non-parties such as Tomlinson.
The general theme of the statute suggests that it is directed only toward that contract by which a party gives up his right to earn a living; this case does not involve such a contract.