INGRAM, Judge.
Public National Real Estate, Inc. (Public National) appeals the order of the Mobile County Circuit Court granting summary judgment in favor of defendant, James G. White, Commissioner of Alabama State Department of Revenue.
The law of Alabama, § 40-10-134, Code 1975, provides that when lands have been sold for taxes and bought in by the state and have not been redeemed or sold by the state and five years has elapsed from the date of sale, the land commissioner may sell the land at private sale to any purchaser for cash at the best price obtainable, irrespective of the amount of taxes due. Pursuant to this statutory scheme, the land commissioner solicited bids for property in Mobile County which had been bought in by the state in 1979 and 1980. The appellant, Public National, bid $31,250 for all the properties offered. The bid was the highest bid, and the written acceptance, dated November 21, 1985, stated that payment on the bid must be made within twenty days of the date of such acceptance. Public National did not make payment within twenty days, and on December 20, 1985, *623 the Department of Revenue notified Mark A. Haynes of Coastal Inter-City Health Services that his bid of $27,500 was accepted “since the high bidder ... did not submit the money in the required amount of time.” Public National filed a complaint in circuit court, alleging breach of contract by James C. White and intentional interference with a contractual relationship between Public National and White by Mark Haynes of Coastal. In May 1986, Haynes filed a Motion for Summary Judgment or, in the alternative for dismissal of the cause as to him. The court granted dismissal. White filed for summary judgment in August 1986. The motion was supported by affidavits. On September 5, the court granted White’s motion for summary judgment. Public National appeals the court’s grant of White’s motion for summary judgment.
For a summary judgment to be properly granted, the pleadings and affidavits must establish no scintilla of evidence which raises a genuine issue as to any material fact, and the moving party must be entitled to judgment as a matter of law. Houston v. McClure, 425 So.2d 1114 (Ala.1983). In a breach of contract action, summary judgment is appropriate only where the contract is unambiguous and the facts are undisputed. P & S Business, Inc. v. South Central Bell Telephone Co., 466 So.2d 928 (Ala.1985). This court must use the same standard as that used by the court below in our review of a trial court’s grant of summary judgment. Henderson v. Hanson, 414 So.2d 971 (Ala.Civ.App. 1982).
Public National contends that summary judgment should not have been granted and that the court was incorrect in concluding that there was no issue as to any material fact and that a summary judgment was due to be entered as a matter of law.
We have reviewed the record and find no error in the decision of the lower court. The written acceptance calling for payment in twenty days was unambiguous. Public National in opposing affidavit presents no evidence that payment was rendered as called for in the written document. There is no evidence in the record that the appellant was granted an extension of time within which to pay the bid amount, nor does the record reveal that Public National was led to believe an extension had been granted. If the evidence contained in the opposing affidavit does not contradict that presented by the moving party, the trial court must view that evidence as uncontroverted and enter summary judgment. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.