[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10543
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:11-cv-00082-RDP

AKZO NOBEL COATINGS, INC.,

Plaintiff, Counter-
Defendant, Appellee,

versus

COLOR & EQUIPMENT LLC,
JAN MARTIN,

Defendants Counter-
Claimants, Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 8, 2011)

Before EDMONDSON and ANDERSON, Circuit Judges, and LAWSON,* District
Judge.

PER CURIAM:

_____
*Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting
by designation.

We have heard oral argument in this case, and given the case careful consideration. The primary issues in this case involve the breakdown of a long-term relationship between Martin, his company, Color & Equipment, on the one hand, and, on the other hand, Akzo. After years of employment with Akzo and service in the northern Alabama market, in 1999, Martin and his company (hereinafter "Martin") became an independent contractor-wholesaler for Akzo in the northern Alabama market selling Akzo paints primarily in the car finishing business. After negotiating a new arrangement with DuPont, Martin gave Akzo notice terminating the wholeseller contract as of the end of the 2010 calendar year.

The principal issues in this case involve the enforceability of a covenant not to compete in the contract placing certain restraints upon Martin extending for twelve months following the termination or non-renewal of the contract. The restraint applied to a defined Territory, which included twenty counties in Alabama and five counties in western Georgia. After blue-penciling and reformation,[1] the district court held that the restraint was a valid partial restraint, and the district court enjoined Martin – during the twelve month period ending December 31, 2011 – from:

---

[1]    In this appeal, appellant Martin does not challenge the district court's authority to blue-pencil and reform the covenant not to compete. Accordingly, the issue in this case involves the validity of the restraint as expressed in the district court's preliminary injunction.

A.  Directly or indirectly, on behalf of themselves or any other person or entity, marketing, to any of the 75 customers [Martin] serviced on behalf of [Akzo], products which are generic or competitive to [Akzo's] products which [Martin] was selling on behalf of [Akzo]; and

B.  Directly or indirectly, on behalf of themselves or any other person or entity, attempting to convert or solicit business from the 75 customers [Martin] serviced on behalf of [Akzo].

Alabama law governs in this case.  Under Alabama law, and in particular pursuant to Ala.Code § 8-1-1, a total restraint from exercising a lawful profession, trade or business is void unless the restraint falls under one of the exceptions in § 8-1-1(b) or (c).  Neither exception applies, and the parties here agree that, if the restraint at issue in this case were a total restraint, then the restraint would be void.

Alabama law distinguishes between total restraints and partial restraints. Under Alabama law, a restraint is partial, and not total, if the restrained party can engage "as a practical matter, in a meaningful pursuit of one's calling, notwithstanding the terms of the agreement."  Ex parte Howell Eng'g & Surveying, Inc., 981 So. 2d 413, 423 n.4 (Ala. 2006).  If the restraint is merely partial, the restraint can be upheld if it is "properly restricted as to territory, time and persons" and supported by sufficient consideration.  Gafnea v. Pasquale Food Co.,  454 So. 2d 1366, 1368 (Ala. 1984).  Applying that Alabama law, the district court in this case held that the restraint was partial, and not total, and upheld the restriction.  On

appeal, Martin's primary challenge is that the district court erred in finding that the restraint was partial.

The district court based its holding upon several findings of fact. One finding of fact, which the district court considered crucial, was the fact that Akzo stipulated on the record that during the twelve month period of the restraint, Akzo would be willing to continue offering paint to Martin, and that these Akzo products could be sold to any customers in any location, including the 75 customers with respect to whom the injunction prohibited Martin from selling paints competitive to Akzo's paint. In addition to this opportunity to continue servicing the 75 customers with Akzo paints, the district court also relied upon the following findings:

- Outside of the 25 county Territory, Martin could sell any products to any customers;

- Within the 25 county Territory, Martin could sell any company's paint (i.e., could sell paint competitive to Akzo's) to any customers besides the identified 75 customers to which the restraint applied. In other words, Martin could sell any paint to new customers within the Territory;

- Also within the 25 county Territory, Martin could sell any

4

company's accessories (e.g., sandpaper) to any customers, including the identified 75 customers. The reason is that the restraint applied only to paint and only to the identified 75 customers.

Applying the foregoing test – whether the restraint precluded Martin from the meaningful pursuit of its business – the district court held that the restraint did not preclude Martin's meaningful pursuit of its business, and thus that the restraint was partial, rather than total. We agree with the district court's reasoning. Indeed, the restraint would not seem to pose a substantial limitation upon Martin's opportunity to continue the same business he previously pursued. During the twelve month period that the restraint operates, Martin can, pursuant to its new arrangement with DuPont, sell DuPont paint to any customers anywhere except the identified 75 customers within the 25 county Territory. And, with respect to those 75 customers, Martin can, during the twelve month period, continue to ply its business with those customers by selling them Akzo paint.

Martin's only argument to the contrary is a bald assertion that, in determining whether a restraint is partial or total, it is impermissible to consider the restrained party's opportunity to continue selling products of the restraining party. In other words, Martin baldly asserts that the court should consider only the

restrained party's opportunities with third parties. However, Martin cites no authority at all which supports that proposition. The two authorities Martin does cite – <u>Southeast Cancer Network, P.C. v. DCH Healthcare Authority, Inc.</u>, 869 So.2d 452 (Ala. 2003), and RESTATEMENT (SECOND) OF CONTRACTS § 188, illus. 1 – do not involve this issue, and say nothing with respect thereto. Moreover, as a matter of common sense, Martin's ability to continue servicing the 75 identified customers with Akzo paint is clearly relevant to the issue of Martin's ability to continue to meaningfully pursue its business. Thus, we agree with the district court that the restraint at issue in this case is a partial restraint, and not a total restraint.

Martin also argues that, even if the restraint is partial, it still is invalid because Akzo does not have a "protectable interest" in the 75 identified customers. Because we readily agree with the district court that Akzo does in fact have a "protectable interest" in these customers, we need not decide whether the "protectable interest" is a prerequisite for the validity of a partial restraint.[2] Assuming <u>arguendo</u> that there must be such a "protectable interest," we have no

_____

> [2]     It seems that Alabama courts require a protectable interest only where there is a <u>total</u> restraint. <u>Compare</u> <u>King v. Head Start Family Hair Salons, Inc.</u>, 886 So. 2d 769, 770-71 (Ala. 2004), <u>Clark v. Liberty Nat'l Life Ins. Co.</u>, 592 So. 2d 564, 565-66 (Ala. 1992), <u>and</u> <u>Calhoun v. Brendle</u>, 502 So. 2d 689, 691 (Ala. 1986), <u>with</u> <u>Howell Eng'g</u>, 981 So. 2d at 422-23, <u>Se. Cancer Network</u>, 869 So. 2d at 456-59, <u>and</u> <u>Tomlinson v. Humana, Inc.</u>, 495 So. 2d 630, 632 (Ala. 1986).

difficulty concluding that Akzo has amply proven a "protectable interest" in these customers. In the 1990s, Martin was employed by Akzo, was introduced to Akzo's customers in the northern Alabama market, and worked for years in that market developing and retaining customers for Akzo. In 1999, Martin transitioned from an employee of Akzo to an independent contractor-wholesaler, under contract with Akzo to use his best efforts to develop and retain customers in the northern Alabama market. As part of this transition, Martin formed his own company and purchased the assets of a previous Akzo wholesaler, Moore's Auto Supplies. As part of this transition, Martin inherited numerous then existing Akzo customers. Moreover, during the ensuing years, Martin operated as an independent contractor in the northern Alabama market, but under contract with Akzo to use his best efforts to promote the sale and service of Akzo products. See Gafnea v. Pasquale Food Co., Inc., 454 So. 2d 1366 (Ala. 1984). Moreover, from and after the year 2005, Martin served as Akzo's independent contractor-wholesaler under an express provision restraining competition by Martin during the twelve months following the termination of the contract. During this time, Akzo also supported Martin's business (and Martin's efforts on behalf of Akzo) by means of financing and other means. In addition, Akzo had some direct relationships with some customers. In short, we conclude that Martin's challenge to the district court's "protectable

interest" holding is wholly unpersuasive.

We also agree with the district court that Martin's other challenges to the reasonableness and validity of the restraint embodied in the preliminary injunction are wholly without merit. For the foregoing reasons, we hold that the restraint embodied in the district court's preliminary injunction is valid under Alabama law. For the same reasons, the judgment of the district court is

AFFIRMED.[3]

---

[3]     Martin's motion to supplement the record is denied.